IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUSAN PUCKETT, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.: 4:22-cv-4542 |
| § | |
| KILOLO KIJAKAZI, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| *Defendant*. § | |

# MEMORANDUM AND RECOMMENDATION

Susan Puckett filed the present action under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying her request for disability insurance benefits and supplemental security income. Puckett and the Commissioner filed cross-motions for summary judgment. Having considered the parties' filings, the record, and the law, the Court RECOMMENDS that Puckett's Motion (ECF 11) be GRANTED, the Commissioner's Motion (ECF 12) be DENIED and this case be remanded to the Commissioner for further proceedings.[1]

---

[1] The District Judge referred this case to this Magistrate Judge for pre-trial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act. ECF 3.

## I.     Background

On August 13, 2020, Puckett filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income alleging disability beginning June 8, 2020. Tr. 12. Following the denial of her application and subsequent request for reconsideration, Puckett requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. Puckett was represented by counsel at a telephonic hearing on December 10, 2021, at which Puckett and a vocational expert, Alissa A. Smith, testified. *Id.*

Plaintiff testified at the hearing that she was currently working part time but took breaks when her back hurt. Tr. 35. She works about 4.5 hours a day, 5 days per week, as a "runner" at a Whataburger restaurant taking food out to customers in the lobby and her attendance was generally good. Tr. 46. However, she testified she can stand 15-30 minutes and sit 20-30 minutes at a time and can walk half a block without stopping. Tr. 36. She uses a cane "once in a while." *Id.* She can lift 5-10 pounds and takes non-prescription ibuprofen. *Id.* She had an MRI in September 2020 that showed her "L4 and L5 is 'deceased.'" Tr. 37. She has never had back surgery, physical therapy, or a pain injection. Tr. 47. She has diabetes but testified that for financial reasons she had not been taking medication for about four months. Tr. 37, 48. She denied having side effects from her medication. Tr. 38. She lacks concentration due to pain. *Id.* She elevates her legs to reduce swelling

and numbness and she drops things when her hands go numb. Tr. 38-39. She used to fish but can't cast anymore. Tr. 40. She can drive and does chores but has to take a break every 5-10 minutes. *Id.* She has good days and bad days—on bad days she gets upset and can't concentrate; on good days she is "happy-go-lucky" and does her job like she's supposed to, but she's careful not to lift too much. Tr. 41. She takes care of her own personal hygiene, drives to shop at a grocery store about ten minutes away from where she lives. Tr. 48. At the time of the hearing, Plaintiff was living with her daughter in an apartment and prepared simple meals for the household. Tr. 50. She would usually put her legs up when she got home from work, then would prepare dinner about 5:30, and lay down about 8:30 p.m. because by then her back was hurting. Tr. 50-51. She does her own laundry. Tr. 51. At the date of the hearing, Puckett was a few days shy of her 61st birthday. Tr. 53. She has a high school education. *Id.*

The vocational expert testified that Puckett's past work consisted of "merchant patroller," which is a store security guard. It is semi-skilled, light work as performed by Puckett. Tr. 53. Puckett has also held unskilled, medium work as a "machine packager," and unskilled, light work as a dining room attendant. *Id.* The ALJ asked the vocational expert a series of hypothetical questions regarding whether a person of Puckett's age with her education, skills, and a range of limitations could perform Puckett's past work. Tr. 54-57. The vocational expert testified that a person

with the RFC as found by the ALJ could perform Puckett's past work as a merchant patroller. Tr. 54.

Puckett's medical records include emergency room records from Altus Baytown Hospital (Tr. 346-401); office treatment records from Dr. Syed NaserMujeeb (Tr. 402-410); progress notes from Dr. Chinh Q. Nguyen (Tr. 411-433); and hospital records from Houston Methodist Baytown (Tr. 440-612. The medical opinions in the record include a November 24, 2020 Physical RFC Assessment from Dr. Chinh Q. Nguyen (Tr. 434-439), and disability determination reports from state agency medical consultants at the initial and reconsideration levels (Tr. 70-125).

On April 8, 2022 the ALJ issued a decision finding that Puckett is not disabled under the Act. Tr. 12-21. The Appeals Council denied her request for review. Tr. 2. Upon denial of review, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

## II.     Standard for Review of the Commissioner's Decision

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A decision

is supported by substantial evidence if "credible evidentiary choices or medical findings support the decision." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citation omitted)). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Id.* (citations omitted). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id*.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Schofield v. Saul*, 950 F.3d 315, 317 (5th Cir. 2020). "The claimant bears the burden of satisfying the first four steps of the analysis; the Commissioner bears the burden of establishing the fifth by demonstrating that other work the claimant can perform is available in the national economy." *Wilson v. Kijakazi*, No. 21-60663, 2022 WL 2339471, at *2 (5th Cir. June 29, 2022). A finding that the claimant is disabled or

not disabled at any point in the five-step review terminates the analysis. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

### III. Analysis

The ALJ performed the standard five-step sequential analysis. The ALJ concluded the analysis at step four because he found Puckett could perform her past relevant work and thus was not disabled within the meaning of the Social Security Act at any time from her June 8, 2020 onset date through the April 8, 2022 decision. The Court reviews each step of the ALJ's analysis below.

#### 1. Step One

At the first step, the ALJ decides whether the claimant is currently working or "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. Although Puckett received unemployment benefits during 2020 and 2021 (which required her to certify that she was ready, willing, and able to work full time), and worked part time in 2021, the ALJ concluded that Puckett did not engage in substantial gainful activity after her alleged onset date. Tr. 14-15. No party challenges or alleges error in the ALJ's finding at step one of the sequential analysis.

#### 2. Step Two

At the second step, the ALJ determines whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Social Security

regulations provide that "[i]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled." 20 C.F.R. §§ 404.1520(c), 416.920(c). The Fifth Circuit recently clarified that "[t]hough the precise wording differs," Social Security Ruling 85-28 comports with its holding in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Thus, an ALJ does not commit legal error by citing SSR 85-28 instead of *Stone* and remand is not required unless "there is no indication the ALJ applied the correct standard." *Id.* Further, when an ALJ proceeds past step two, a failure to apply the *Stone* standard is harmless if it is inconceivable that the result would have been different absent the failure. *Id.*

In this case, the ALJ cited and applied the severity standard articulated in SSR 85-28. Tr. 15. The ALJ found that Plaintiff had the following severe impairments: "lumbar radiculopathy, degenerative disc disease of the lumbar spine, diabetes, polyneuropathy, obesity, and hyperlipidemia." *Id.* The ALJ considered Puckett's mental impairments under 20 C.F.R. 404.1520a(d)(1) and 416.920a(d)(1) and found she had mild limitations in all functional areas and did not have a severe mental impairment. Tr. 15-16. Although Puckett objects to the ALJ's decision because it fails to include mental limitations in her RFC, no party challenges or alleges error in the ALJ's severity findings.

### 3. Step Three

The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. p, app. 1. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). For a claimant to show than an impairment "medically equals" a listed impairment the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Id.* (emphasis in original).

The ALJ determined that none of Plaintiff's impairments, alone or in combination, met or equaled the severity of one of the listed impairments in Appendix 1. Tr. 16-18. The ALJ specifically evaluated the requirements of Listing 1.15 (disorders of the skeletal spine), and 11.14 (peripheral neuropathy), and considered whether her symptoms related to diabetes and obesity resulted in an impairment that meets a Listing. *Id.* No party challenges or alleges error in the ALJ's finding that none of Puckett's impairments meet or medically equal a listing.

### 4. Step Four

At step four, the ALJ determines whether the claimant's Residual Functional Capacity (RFC) permits the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011). The ALJ found that Puckett's RFC included the capacity to perform her past work as a merchant patroller. Tr. 20. Puckett argues that the ALJ's decision resulted from legal error because she applied the wrong standard for review of Dr. Ngyuen's medical opinion. She also argues the ALJ's decision is not supported by substantial evidence because the ALJ did not account for Puckett's mental limitations in the RFC and mischaracterized her subjective testimony regarding her daily activities.

### A. Residual Functional Capacity

The ALJ found Puckett has the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) and 404.967(b), except:

> she can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds. She can occasionally, balance, stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure (can be exposed at the frequent level or below) to unprotected heights and wet, slippery, or uneven surfaces. The claimant can frequently reach in all directions, including overhead, bilaterally. She can frequently handle, and finger bilaterally. The claimant can occasionally push, pull, and operate foot controls bilaterally.

Tr. 18.

### 1. The ALJ erred in his evaluation of Dr. Chinh's medical source opinion.

The ALJ need not afford special evidentiary weight to the opinions of Plaintiff's treating physicians. *Hardine v. Kijakazi*, No. 21-60226, 2022 WL 2070399, at *3 (5th Cir. June 8, 2022) (citing 20 C.F.R. § 404.1520c(a)). Rather, the ALJ is required to evaluate the persuasiveness of medical opinions from all medical sources by considering five factors: (1) supportability; (2) consistency; (3) the source's relationship with the patient; (4) the source's specialty; and (5) other factors that tend to support or contradict the opinion. *Ramirez v. Kijakazi*, No. 4:21-CV-03780, 2023 WL 1456786, at *2 (S.D. Tex. Feb. 1, 2023), report and recommendation adopted, No. 4:21-CV-03780, 2023 WL 2145541 (S.D. Tex. Feb. 21, 2023) (citing 20 C.F.R. § 404.1520c(c)). "The most important factors in evaluating persuasiveness are supportability and consistency." *Id.* (quoting 20 C.F.R. § 404.1520c(b)(2)).

The Fifth Circuit recently addressed the new standard, holding that an ALJ is required to explain how he considered the supportability and consistency factors for a medical source's medical opinions in the decision. *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023); *see Brewer v. Kijakazi*, No. 4:22-CV-00238-O-BP, 2023 WL 416421, at *1 (N.D. Tex. Jan. 24, 2023) (citing *Miller* and holding that "beyond these articulation requirements, there is no statutory requirement that the ALJ explain the reasoning behind rejecting certain aspects of a

medical opinion's severity findings in its RFC analysis."). District courts in the Fifth Circuit have held that the current standard for consideration of medical source opinions requires an ALJ to articulate "a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *See, e.g., McAdams v. Comm'r of Soc. Sec.*, No. 3:21-CV-00203, 2022 WL 17096166, at *3 (S.D. Tex. Nov. 21, 2022) (citing *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (explaining that the ALJ must provide enough explanation to allow for meaningful review, or "[s]tated differently, there must be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding").

In this case, the ALJ recited the applicable standard governing her consideration of medical opinions, stating "I cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources." Tr. 19. The ALJ then summarized the opinions in Dr. Nguyen's Residual Functional Capacity Questionnaire:

> [T]he claimant is capable of high stress work, but can't work due to severe pain. She further opined the claimant could walk for up to 1 block; sit, stand, and walk less than 2 hours in an 8-hour day due to pain; needed to be able to shift positions every 30 minutes; need to elevate the feet for up to 2 feet; requires the use of a cane; lift less than 10 pounds frequently nothing higher; able to perform frequent head movements; less than occasional use regarding other postural activities or climbing; 5% of the day limits on reaching, handle, or fingering; and

11

> necessity to be absent from work for more than 4 days per month. In summary, Dr. Nguyen assessed that the claimant could not work.

*Id.* The ALJ then speculated that Dr. Nguyen's opinion was based largely on Plaintiff's self-reported symptoms and found "the opinion somewhat persuasive and afford[ed] its [sic] some weight." *Id.*

Plaintiff argues that the ALJ applied an incorrect legal standard in evaluating Dr. Nguyen's opinion because she afforded "some weight" to the opinion even though she was not supposed to "give any specific evidentiary weight" to medical source opinions. ECF 11-1 at 10. The ALJ's use of the phrase "some weight" in additional to "somewhat persuasive" does not necessarily mean that she applied the wrong standard. The Fifth Circuit has held that there are no "magic words" an ALJ must recite to show compliance with applicable standards. *See Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) (stating in discussion severity standard "[a] case will not be remanded simply because the ALJ did not use 'magic words.'"); *Cancel v. Comm'r of Soc. Sec.*, No. SA-22-CV-00039-ESC, 2023 WL 2733411, at *6 (W.D. Tex. Mar. 30, 2023) (recognizing that "the ALJ was not required to use the magic word 'consistency' to fulfill his obligations under Section 404.1520c(b)(2)"). However, the ALJ neglected her obligation to explain the supportability and consistency factors in her consideration of Dr. Nguyen's medical opinion, preventing meaningful review of her persuasiveness finding. *McAdams*, 2022 WL 17096166, at *3.

Dr. Nguyen stated in his November 24, 2020 Residual Functional Capacity Questionnaire that he saw Plaintiff every 3 months for an office visit and her symptoms "were not improving with treatment over the past 5 months." Tr. 434. The record contains progress notes from Dr. Nguyen dating back to December 2019. Tr. 431. The ALJ failed to cite any record evidence to support her conclusion that Dr. Nguyen's opinion was based largely on Plaintiff's self-reported symptoms rather than on his own observations over the preceding year. Tr. 19.

Further, Dr. Nguyen opined that Plaintiff would miss more than four days per month due to her impairments or treatment and concluded that she was not capable of full-time work. Tr. 439. The Commissioner correctly notes that Dr. Nguyen's opinion that Plaintiff is unable to work is not a medical opinion and is "neither valuable nor persuasive to the issue of whether [Plaintiff] is disabled." ECF 12-1 at 7 (citing 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3)). However, Dr. Nguyen's opinions about Plaintiff's ability to perform the physical demands of work such as sitting, standing, lifting etc. and that Plaintiff will miss more than four days per month are medical opinions that were not properly addressed by the ALJ. *See* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) . . ..").

13

Despite Plaintiff's many limitations described in Dr. Nguyen's report, the ALJ gave only conclusory supportability and consistency findings. The entirety of the analysis consists of four sentences:

> The undersigned finds the opinion somewhat persuasive and affords its some weight. While the general identification of back pain is consistent with the evidence of record, the limitations opined seem to be largely based on the claimant's self-reported symptoms. Moreover, the evidence available at the hearing level supports less restrictive limits on the claimant's ability to exert herself, perform tasks, handle and finger, and use her extremities. (See Exhibits 1F-6F). Accordingly, the evidence available at the hearing level is consistent with the residual functional capacity set forth herein.

Tr.19-20. Exhibits 1F-6F referenced by the ALJ in the above paragraph consist of Plaintiff's medical records as a whole from January 2018 through April 2021. An ALJ does not meet the Fifth Circuit's requirement to explain how she considered the supportability and consistency factors for determining the persuasiveness of a medical opinion by "a generic statement or summary that the opinion is not consistent with the record as a whole. *Bjorklund v. Kijakazi*, No. 4:21-CV-01810, 2022 WL 2392315, at *3 (S.D. Tex. July 1, 2022), report and recommendation adopted No. 4:21-CV-01810, 2022 WL 2905471 (S.D. Tex. July 22, 2022) (citations omitted). The Commissioner attempts to bolster the ALJs decision by citing to evidence that she *could have considered* to arrive at her conclusion that Nguyen's opinion is only "somewhat persuasive." *See* ECF 12-1 at 5-6 (citing the state agency consultant opinions and the lack of documented need for a cane). However, an

ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision. *Surgi v. Barnhart*, 168 F. App'x 555, 557 (5th Cir. 2006)(citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000). "Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ." *Gonzalez v. Kijakazi*, No. CV 1:21-40, 2022 WL 317679, at *6 (S.D. Tex. Jan. 6, 2022), report and recommendation adopted, No. 1:21-CV-040, 2022 WL 313907 (S.D. Tex. Feb. 2, 2022).

### 2. The ALJ's RFC determination is the result of legal error.

Because the ALJ did not adequately explain the supportability and consistency factors that led her to reject Dr. Nguyen's medial opinions, the RFC determination is the result of legal error. The Court cannot undertake a meaningful review of whether the ALJ's RFC determination is supported by substantial evidence. "Without guidance from the ALJ, the reviewing court can only speculate about his reasons for finding an opinion unpersuasive." *Id.* The ALJ's failure to follow the proper standards for review of Dr. Nguyen's medical opinion requires remand.

### 3. The ALJ's decision that Plaintiff can perform her past work is not supported by substantial evidence.

The vocational expert testified that a person with Plaintiff's limitations, as set forth by the ALJ in a hypothetical question, could perform Plaintiff's past relevant work as a merchant patroller (a store security guard). Tr. 54-57. The vocational

expert further testified that if Plaintiff missed more than two days per month or would be off task 20% or more of the workday, work would be precluded. Tr. 56. Having determined that the ALJ erred in making her RFC determination, the ALJ's decision that Plaintiff could perform her past relevant work is the result of legal error and is not supported by substantial evidence.

### 5. Step Five

The ALJ determines at step five whether the claimant can perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). In this case, the ALJ ended the analysis at step four and made no findings at step five of the sequential analysis, and thus the Court also does not address it.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court concludes that the ALJ's RFC determination was based on legal error and his disability determination is not supported by substantial evidence. Because the Court's analysis of Plaintiff's challenges to the consideration of Dr. Nguyen's medical source opinion, the Court does not address her other grounds for reversal. The Court RECOMMENDS that Plaintiff's Motion for Summary Judgment (ECF 11) be GRANTED, the Commissioner's Motion for Summary Judgment (ECF 12) be DENIED, and this case be remanded for further proceedings.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 09, 2024, at Houston, Texas.

                                        Christina A. Bryan
                                  United States Magistrate Judge