United States District Court
Southern District of Texas
**ENTERED**
July 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN PUCKETT, <br> *Plaintiff*, <br><br> v. <br><br> MARTIN J. O'MALLEY, <br> COMMISSIONER OF THE <br> SOCIAL SECURITY ADMINISTRATION, <br> *Defendant*. | § § § § § § § § § § | Civil Action No.: 4:22-cv-4542 |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). ECF 17. Plaintiff represents that the Commissioner does not object to the requested fees in the amount of $9,500.00. *Id.* at 5. The Commissioner did not file a timely Response to the Motion and the Court deems it unopposed. LOC. R. S.D. TEX. 7.3, 7.4. Having considered Plaintiff's submissions and the law, the Court recommends that Plaintiff's motion be GRANTED.[1]

On March 25, 2024, the District Judge adopted the Magistrate Judge's Memorandum and Recommendation and reversed and remanded this case back to

---

[1] The District Judge referred the case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. ECF 2.

the Commissioner for further proceedings. ECF 15/ ECF 16. Plaintiff timey filed the pending Motion for Attorney Fees with supporting Affidavit. ECF 17. There is no dispute that Plaintiff is the prevailing party and is entitled to an award of reasonable attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993) (holding that a plaintiff who obtains a remand order is a prevailing party); *Banks v. Berryhill*, Civil Action No. 4:18-cv-0239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (holding that "[a]ny attorneys' fees awarded under the EAJA must be reasonable."). Plaintiff seeks an award of attorney's fees in the amount of $9,500.00 to be paid and delivered to Plaintiff's counsel, Konoski & Partners, P.C. Plaintiff represents that this request reflects a discount from the actual fees of $10,827.39 as a compromise with the Government. ECF 17 at 5. Although the Government is unopposed, the Court nonetheless must determine whether the fee is reasonable. *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *2 (S.D. Tex. Aug. 10, 2023).

The EAJA sets the rate for attorney's fees at $125 per hour, "unless the court determines that an increase in the cost of living or a special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion to increase the statutory hourly rate. *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *2 (S.D. Tex. Aug. 10, 2023). To determine a reasonable rate, courts adjust the current $125.00 statutory rate using the average Consumer Price Index for the region

where the work was performed for the specific year in which the work was performed.[2] *See Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the district court "to segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). Specifically, the court compares the CPI for the region where work was performed in 1996 when the $125.00 rate was established and the CPI for the year in which the work was performed to arrive at a differential, and then multiplies that differential by $125.00 per hour. *See Angela C. v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4551207, at *2 (S.D. Tex. June 28, 2023) (calculating the 2022 hourly rate of $226.58 by multiplying the percentage difference between the 1996 CPI of 142.7 and the 2022 CPI of 258.66, or 181.26, by $125.00), report and recommendation adopted sub nom. *Collum v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4549594 (S.D. Tex. July 14, 2023); *Martha v. Kijakazi*, 2023 WL 5186869, at *3 (calculating the 2023 hourly rate of $232.30 by multiplying $125.00 by the percentage difference between the 1996 CPI and the 2023 CPI for the first half of 2023).

Here, Plaintiff calculated its fees at an hourly rate of $236.25 for 5.5 hours in 2022 and $240.00 for 39.7 hours in 2023 for a total of $10, 827.39 using the CPI for

---

[2] The CPI for the Houston-The Woodlands-Sugar Land TX region can be found at https://data.bls.gov/timeseries/CUURS37BSA0?amp%%20253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited July 17, 2024).

New York, where counsel's office is located. ECF 17 at 15. Courts in this district find it most appropriate to use the CPI for the region where the case is filed when calculating attorney fees in these types of cases. *Martha v. Kijakazi*, 2023 WL 5186869, at *3 n.7; *Deborah S. v. Comm'r of Soc. Sec.*, No. 4:20-CV-01580, 2022 WL 393834, at *3 n.7 (S.D. Tex. Feb. 9, 2022). Using the CPI for the Houston-Woodlands Region, the rates would be $226.58 for 2022 and $234.41 for 2023 for a total of $ $10,522.27. *See Kelsey v. O'Malley*, No. 4:22-CV-02551, 2024 WL 1016372, at *2 (S.D. Tex. Feb. 14, 2024) (calculating 2022 and 2023 hourly rates as $226.58 and $234.41, respectively), report and recommendation adopted, No. 4:22-CV-02551, 2024 WL 1023036 (S.D. Tex. Mar. 8, 2024); *Palo R. v. O'Malley*, No. 4:22-CV-01962, 2024 WL 1181492, at *3 (S.D. Tex. Mar. 1, 2024) (same as above), report and recommendation adopted, No. 4:22-CV-01962, 2024 WL 1186720 (S.D. Tex. Mar. 18, 2024).

As to hours, counsel in cases of this kind typically request fees for 20-40 hours or work. *Angela C.*, 2023 WL 4551207, at *2; *Martha V.*, 2023 WL 5186869, at *2. Here, counsel seeks compensation for 45.2 hours of work. While on the high end, the Court has reviewed counsel's hours and finds this number of hours is not unreasonable for the nature of this case and the work required. In addition, if the 2023 hours were reduced by 5.2 hours, the total compensation using the Houston

CPI would be $9,333.34, which is only $166.66 lower than the negotiated fee request to which the Government agreed.

The Commissioner has not objected to either the rate or the hours submitted by Plaintiff. Despite finding that Plaintiff should have used the CPI for the Houston region when calculating the fee, the Court finds that the amount of the requested fee is reasonable based on counsel's experience and the type of case. The Court therefore RECOMMENDS that Plaintiff's Motion (ECF 17) be GRANTED and the Court enter a Final Judgment awarding Plaintiff fees under the EAJA in the amount of $9,500.00.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 18, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge